**UNITED STATES ex rel. MAURO v. DOWNER.**

District Court, E. D. New York.

May 15, 1943.

Abraham Franzblau, of Ozone Park, L. I., N. Y., for petitioner.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a hearing on a writ of habeas corpus. The relator seeks his discharge upon the ground that his induction was the result of arbitrary action and decision by the local board of the Selective Service System, unsupported by any evidence or any substantial evidence, and as a result of the failure of the local board to accord him a full and fair hearing. It appears that on April 29, 1942, the relator applied to the local board for a deferment from induction on the ground that he had learned two days previously that his wife was pregnant.

Congress has selected a democratic method for selecting persons for the Armed Service by authorizing the selec-

tion of a local board, consisting of citizens of the United States, resident of the locality, and under the law a local board is required to hold a fair and impartial hearing, and to receive and consider all proper evidence concerning the proposed inductee. The local board must be fair in its consideration of the evidence and must receive all material evidence offered. To do otherwise would be a denial of the right of an inductee, and if such person were inducted he would be entitled to a discharge by habeas corpus. The local board cannot act in a capricious or arbitrary manner. Its decisions must be based upon evidence.

 Under the system as devised by Congress the Court has no reviewing power over the acts of the local board. Another procedure has been set up. It is only in cases where after induction it appears that the local board has acted in a capricious or arbitrary manner or failed to grant a proper hearing, or based its decision upon guess, surmise, speculation and not evidence that the Court may discharge the inductee upon the ground that he has been illegally restrained from his liberties. A local board in a proper case may defer an inductee upon the ground that his wife is pregnant, and may defer his induction for a reasonable period where his induction may result in great hardship. These matters of necessity must be left to the wisdom and discretion of the Board.

Dealing with the question of the charge made by the relator that he did not receive a fair hearing and a fair opportunity to present his evidence, consideration has been given to all of the evidence offered, that of the relator and the respondent. It is the relator's testimony that he not only offered the doctor's letter, Exhibit 1-A, as evidence supporting his position that his wife had recently become pregnant, but in addition that he had offered various other papers, and that the board received Exhibit 1-A and made a copy of it and gave the copy to him but refused to consider these additional papers.

There is absolutely no warrant for the relator's statement. The proof is conclusive that the local board was not offered any additional papers. All of the members of the local board have testified to this effect. Their testimony is credible. They fairly and properly considered all the evidence tendered. They reached the conclusion that the relator was not entitled to deferment. There is certainly evidence to support that finding.

The Court cannot substitute its judgment for that of the local board. It has no such power under the law.

The record indicates that the relator has sought by evil means to obtain deferment, making various claims which were not substantiated by the evidence. In this the Court is not referring to the fact that the relator had learned but two days previously to April 20, 1943, that his wife was pregnant. His attitude is demonstrated further by the fact that when the local board announced its decision he stated that he "would rather go to jail" than report for induction. He is a resident of the United States. He has been afforded the protection of the United States, and he is under a duty to defend the United States.

It appearing that the relator received a fair and impartial hearing before the local board, that there is evidence to sustain its findings and that the acts of the local board were not capricious or arbitrary, the writ is dismissed. The relator is remanded.